The opinion of the court was delivered by
DeBlanc, J.
In 1876, on the 8th of September, Mrs. Eliza Peck Macias made a testament, in and by which she named one Luc Beebe as the executor of her last will, with seizin of the whole of her succession,, and — as her universal legatee — her granddaughter Marie, then aged nine years and a half, and born of the' marriage of her daughter with Doctor Octave Anfoux, Shortly after, on the 12th of December and by a codicil, she left to Mrs. Auguste Dubuclet — besides four lots of ground and some furniture — the sum of two thousand dollars.
The testament and codicil were presented to the court, their execution and registry ordered and letters testamentary delivered to Luc Beebe.
Mrs. Macias died in January 1877; Mrs. Anfoux died before her mother, divorced from her husband. At the death of her grandmother,, Marie who — until then — had been in the custody of said deceased— passed into that of her father, who was confirmed as her natural tutor, and who — in that capacity — contends that there is no necessity to subject the estate of Mrs. Macias to the costs of an administration, claims- *128 to be put in possession of said estate and to administer the same as tutor of his child.
Erom the allegations and prayer of the tutor’s petition, the object of his action is to recover the legacy made by Mrs. Macias to her grandchild, to enforce the right acquired by the latter, under a testament, the execution of every clause of which is ordered by the decree of •a competent court, and one of those clauses directs that the whole of the tutrix’s estate shall be administered by the executor of her will, without the intervention of any body else, until the majority of her granddaughter and universal legatee.
The tutrix could have disposed in favor of any one, and deprived her descendant of two thirds of her estate, and — it may be — would have done so, had she imagined that the condition attached to her donation ■could not be sanctioned by the courts of the State, and that — against her manifested will — her estate would pass into the hands of her son-in-law, as tutor of her legatee. This it was her declared intention to prevent, for she expressly enjoins that Dr. Anfoux, who — as her debtor-then held and still holds inore than the legitimate portion of which she could not have disposed to the prejudice of her granddaughter, shall be excluded from any participation in the affairs of her succession.
A conditional legacy — when the conditions imposed by the testator are neither impossible nor reprobated by law — must and can be accepted by or for the legatee but in accordance with the terms of the will. Whether of age or under age, the legatee cannot be allowed to divide his acceptance, to take the donation and repudiate the conditions on which it was made, or take it on conditions which differ from those fixed by the donor. He must accept it as it is, or reject it.
C. 0. 986 (980) — 1016 (1009) — 976 (971).
The condition of the donation made by the testatrix is that whatever she left to her granddaughter, shall — until her legatee’s majority, be administered by the executor of her will. That is not an impossible ■condition. Is it one reprobated by our legislation ? It is not, and no reason can be suggested why it should be reprobated. Those who — by their labor, frugality or otherwise — acquire an estate, should not be restricted in the undeniable privilege which they have of disposing of that estate as they please, and so «as to gratify their affections, hatreds or caprice. Those who have no right to claim that which is tendered to them as a favor, as a testimonial of friendship or esteem, should not be permitted to accept the favor and disregard any legal conditions on which it was tendered.
In this instance, the testatrix named her universal legatee, gave her less a fraction — all that she left. The title to what she thus gave vested in the legatee from the date of her death, and — had she died after her *129 grandmother — that title would have passed to the legal representatives of the legatee. The condition imposed by a clause of the will, and it does not appear to be an extravagant one, is that said legacy be not placed under the control of one who was the debtor of the testatrix, who disputed the validity of her claim against him, and who — now— owes to his child and ward that dispute! claim, which forms the largest part of the grandmother’s donation. The clause referred to merely suspends, until the minor attains the age of majority, the delivery of what she has already acquired under the approved and registered will of her ancestor.
In Clague’s widow vs. Clague’s executors, reported in the 13th L. p. 6, our esteemed predecessors, held that “ a disposition by which the-property of the estate was to remain in the hands of the executor until the majority of the testator’s children and legatees, was a ficlei commission, because then the executorship expired at the end of the year, reckoning from the commencement of the seizin, and the testator had not the power to extend the period fixed for its termination.
The law now provides that “ executors shall continue in office until the estate be wound up, and — in this instance — Mrs. Macias has merely postponed the delivery, until her grandchild’s majority, of the legacy of nearly the whole of her estate, to the absolute ownership and entire revenues of which her legatee is actually entitled, and has been entitled from the death of the testatrix.
That disposition does in no way — change the order of inheritance, create a new tenure of property, tie up an estate in perpetuity, place it for any length of time out of the reach of any legal alienation, vest a title in one, the beneficiary interest in another ; and as — thereby—no donee or legatee is charged to preserve until death and then return any thing to another, or given any right which is to pass to any other at a specified period or upon a specified condition — and, in as much also as by its terms, the testatrix merely provided that the legacy, which is a part of her unsettled estate, should — as the estate itself — be left in the hands of an agent selected by her, recognized by our laws, qualified under the decree- of a competent court, that disposition — ignored but as yet unassailed — has none of the elements which constitute either a substitution or fidei commissum, and — by inference — seems to be authorized by the article of the Oode which indefinitely extends the duration of the executorship, and that which declares that “ a father or other ascendant can order — by bis will — that no partition shall be made among his minor children or minor grandchildren during their minority,” in order — doubtless—to protect the inheritance against the errors or misfortunes of a tutor’s administration, and to more effectually secure the succession to the heirs or legatee. O. 0.1301 (1224) 1373.
*130 Those reasons dispense us from discussing the other questions raised by the parties’ counsel. We, however, consider it advisable to state that the clause of Mrs. Macias’ will which excludes, from any participation in her affairs, the father of her universal legatee, can not prevent him from supervising as tutor — unless his pretended incapacity be judicially ascertained and declared — that branch of the executor’s administration which relates to the interest of the minor in the succession of her grandmother; and — to guard said interest — he can, if necessary, require from the executor new and additional security for the faithful performance of his duties, and as often as the law prescribes. R. O. C. 1673.
It is — therefore—ordered, adjudged and decreed that the judgment appealed from is anulled, avoided and reversed, and plaintiff’s demand rejected at his costs in both courts.
Rehearing refused.